UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| |
UNITED STATES OF AMERICA, |
   Plaintiff-Respondent, | Case No. 1:07-cr-270
   v. | HONORABLE PAUL L. MALONEY
ERIC THOMAS LATHAM, |
   Defendant-Petitioner. |

# OPINION and ORDER

**Denying the Defendant's 28 U.S.C. Section 2255 Motion to Correct Sentence**

Defendant Eric Thomas Latham ("Latham") was convicted in November 2007 of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The court accepted the U.S. Probation Office Pre-Sentence Investigation Report ("PSR")'s calculation of Latham's adjusted offense level at 22. First, the court started with base offense level 20 due to application of United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(4)(A), which applies when a felon-in-possession has a prior felony conviction for a crime of violence ("a violent felony"). Second, the court added two offense levels based on its finding that Latham had obstructed justice. *See* PSR ¶¶ 27-37. At sentencing, Latham did not object to any of the reasoning or calculations leading to an adjusted offense level of 22.[1]

---

[1] The court initially was inclined to adopt the PSR's recommendation that Latham receive four additional offense levels for using or possessing the firearm in connection with another felony. That would have given Latham an adjusted offense level of 26. At sentencing, however, the court

The court also accepted the PSR's calculation of Latham's criminal history score at 14, which placed him in Criminal History Category VI. *See* PSR ¶¶ 41-54. The court included two criminal history points for Latham's Michigan state conviction for attempted unlawful use of a motor vehicle, three points for his Michigan state conviction for aggravated domestic violence - second offense, and nine points for other past conduct. At sentencing, Latham did not object to this court's determination of his criminal history score.

Based on an adjusted offense level of 22 and a criminal history category of VI, the Guidelines recommended a term of imprisonment between 84 and 105 months, and in May 2008 this judge sentenced Latham to 105 months imprisonment. Latham's federal trial counsel, an assistant public defender, filed a notice of appeal at Latham's request, but soon filed an *Anders* brief informing the Court of Appeals that he found no issues of appealable merit in the case. The Court of Appeals granted Latham a fourteen-day extension of time in which to respond to the *Anders* brief, but he failed to file such a response. Latham also failed to contact his federal trial counsel regarding potential issues for appeal. The Sixth Circuit affirmed Latham's sentence, determining that his guilty plea was valid and his sentence was reasonable, and remarked that it had thoroughly reviewed the record and found no reversible error. *See US v. Latham*, No. 08-1651, slip op. (6th Cir. June 9, 2009).

Latham filed the instant motion to correct sentence pursuant to 28 U.S.C. § 2255 on September 18, 2009; the government filed an opposition brief on November 23, 2009; and Latham filed a reply brief on December 23, 2009 (document 47). Latham contends that this court incorrectly determined his offense level and criminal history score, and that his counsel was constitutionally

---

sustained Latham's objection to this adjustment.

ineffective for failing to perceive and raise these same claims on direct appeal. For the reasons that follow, the court will deny Latham's petition. In short, Latham forfeited his challenges to the offense-level and criminal-history determinations by failing to raise them on direct appeal. Those arguments lack merit in any event, which means that Latham's counsel could not have rendered ineffective assistance by "failing" to assert them on direct appeal.

Collateral review cannot be used as a substitute for direct appeal, and thus "'a defendant may not use it to circumvent the appeal process." *Goldsby v. US*, 152 F. App'x 431, 4438 (6th Cir. 2005) (Nelson, Sutton, D.J. Zatkoff) (quoting *Regalado v. US*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 167-68 (1982))). Accordingly, any claims that a section 2254 / 2255 movant could have raised, but failed to raise on direct appeal, are presumptively procedurally barred from consideration on collateral review.[2] *See Wright v. US*, 320 F. App'x 421, 424 n.1 (6th Cir. 2009) (Daughtrey, Rogers, C.I.T. J. Restani) (after noting petitioner's failure to raise an issue at sentencing and on direct appeal, panel remarked that "[n]ormally, we would refrain from reaching the merits of an issue in a § 2255 motion unless [the petitioner] shows 'cause and prejudice to excuse the double default'").

"The Supreme Court consistently has determined that 'to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Regalado*, 334

---

[2] The finality concern underlying this procedural-bar rule applies with particular force where the challenged conviction or sentence stems from the movant's guilty plea. *See Bousley v. US*, 523 U.S. 614, 621 (1998); *see also US v. Caldwell*, No. 97-5252, 210 F.3d 373, 2000 WL 331950, *4 (6th Cir. Mar. 23,2000) (Batchelder, Gilman, D.J. Denise Page Hood) (the rationale for procedural default of habeas claims not raised on direct appeal "applies with special force when . . . the challenged . . . conviction was based on a guilty plea, for a guilty plea is generally understood to waive objection to all procedural defects at trial except constitutional, jurisdictional infirmities or other complete miscarriages of justice.") (citing *Custis*, 511 U.S. at 496-97 (citing *US v. Timmreck*, 441 U.S. 780, 784 (1979))).

F.3d at 528 (quoting *Frady*, 456 U.S. at 166). To overcome this strong presumption against using collateral review as a means of raising claims that could have been raised on direct appeal, Latham bears a heavy burden. He must show either (1) "cause" for the default and "actual prejudice" from it or (2) "actual innocence." *See Abshear v. Moore*, 2009 WL 4408186, *4 (6th Cir. Dec. 3, 2009) (citing *Hall v. Vasbinder*, 563 F.3d222, 236 (6th Cir. 2009)); *see also Bousley v. US*, 523 U.S. 614, 622 (1998) and *Frady v. US*, 456 U.S. 151, 168 (1982). Our Circuit describes the cause-and-prejudice standard as "demanding" when "applie[d] to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Hicks v. US*, 258 F. App'x 850, 854 (6th Cir. 2007) (Siler, Cook, <u>Griffin</u>) (citing *Regalado v. US*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Ratliff v. US*, 999 F.2d 1023, 1025 (6th Cir. 1993))).

"In order to establish cause, a habeas corpus petitioner must show that 'some objective factor external to the defense' prevented the petitioner's compliance with" a procedural rule. *Abshear*, 2009 WL 4408186 at *4 (quoting *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))) (other internal quotation marks omitted). To establish prejudice sufficient to overcome procedural default of a claim, a section 2254/2255 movant must show that the resulting error "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170.

Latham asserts only one excuse for his failure to comply with the requirement that he raise all available substantive challenges to his conviction and sentence through a direct appeal (in this case an appeal to the Sixth Circuit): his attorney David Kaczor's alleged ineffective assistance of counsel. Latham alleges that he tried without success to contact Kaczor regarding his guideline calculations and received only a copy of Kaczor's *Anders* brief in return. But the parties agree that,

for whatever reasons, Latham never actually conveyed in detail his concerns about the Guideline calculations to Kaczor. Latham alleges that he did not understand the significance of his counsel filing an *Anders* brief (stating criminal defense attorney's opinion that no potentially meritorious issues exist for appeal), but the government submits a February 10, 2009 letter wherein Kaczor adequately and accurately explained to Latham how to pursue an appeal with the Sixth Circuit and how to raise any sentencing objections therein. *See* Gov's Opp, Aff Attachment 5. The court finds that Latham received Kaczor's February 10, 2009 letter, because he thereafter requested and received additional time in which to respond to Kaczor's *Anders* brief. (Latham's reply brief does not contest this generally-sound inferential reasoning from the government's opposition brief.) The Sixth Circuit granted Latham's extension, allowing him to file a response to the *Anders* brief by March 17, 2009. Yet that deadline passed. Then, for another two and a half months, Latham still failed to file these substantive sentencing claims with the Circuit, and on June 9, 2009 the Circuit issued its affirmance. Latham's opening brief makes no attempt to show cause for Latham's own failure to act, and his reply brief does not address the procedural-default / cause-and-prejudice issue at all.[3]

On this record, the court determines that Latham has not borne his burden of showing that he had good cause for failing to pursue the instant sentencing claims on direct appeal.

---

[3]
Latham's two-page reply brief is entirely devoted to the argument that one of his prior convictions (domestic aggravated assault - second offense) was void because the lack of his signature on the copy of the state-court Judgment of Sentence shows that he never consented to be bound by the Judgment of Conviction as a contract and therefore is not in fact bound by it. Latham fails to cite any U.S. Supreme Court or Sixth Circuit authority for this unusual proposition, and the courts finds none.

**Even if the court considered the defaulted claims, they lack merit. First, the court rejects Latham's challenge to the calculation of base offense level under U.S.S.G. § 2K2.1.**

Namely, Guideline section 2K2.1(a)(4) fixes the base offense level at 20 when the defendant commits felon-in-possession of a firearm after a conviction for a felony crime of violence. In the Commentary, the Sentencing Commission defines "felony conviction" as "a prior adult federal or state conviction for an offense *punishable* by death or imprisonment for a term *exceeding one year*, regardless of whether such offense is specifically designated as a felon and regardless of the actual sentence imposed." U.S.S.G. § 2K2.1(a)(4), cmt. n. 1 (emphasis added) . Our Circuit has taken the same approach in its encounters with statutes and guidelines which predicate a sentence enhancement on a prior conviction for some type of "felony." When interpreting the term "felony", the Sixth Circuit holds that "the use of the word 'punishable' rather than 'punished' makes clear that 'it is not the actual punishment imposed but that which the statute authorizes which determines whether a crime is a felony or a misdemeanor.'" *US v. Lockett*, – F. App'x –, 2009 WL 5084096, *4 (6th Cir. Dec. 29, 2009) (C.J. Batchelder, Gibbons, D.J. Maloney) (interpreting 21 U.S.C. § 841(b)(1)(B) "felony drug offense", panel adopted definition of same term from 21 U.S.C. § 802(44)) (quoting *US v. Jemison*, 310 F. App'x 866, 880 (6th Cir. 2009) (quoting *US v. Barde*, 224 F.2d 959, 959 (6th Cir. 1955) (citing *Cartwright v. US*, 146 F.3d 133, 135 (6th Cir. 1945))), *cert. denied*, – U.S. –, 130 S.Ct. 258 (2009).

Latham contends that his prior conviction for aggravated domestic assault is not a felony because it was a misdemeanor under Michigan law and was therefore punishable only by imprisonment *up to* one year, not exceeding one year. The government accurately responds that Latham's prior conviction was for aggravated domestic assault *as a second offense* under MICH.

COMP. LAWS § 750.814a(2) and (3), which was then punishable by imprisonment up to two years. (Latham's reply brief does not deny this.) Accordingly, the application of the base level 20 provision was appropriate and provides no basis for disturbing Latham's sentence.

**Second, the court rejects Latham's contention that his U.S.S.G. § 4A1.1 criminal history score should not have included three points for his prior conviction for aggravated domestic assault.** Guideline section 4A1.1(a) directed the sentencing court to add three criminal history points for each prior conviction which resulted in a sentence of imprisonment exceeding one year and one month, and section 4A1.2(b) clarifies that the term "sentence of imprisonment" means "a sentence of incarceration and refers to the maximum sentence imposed." Latham's argument on this score is squarely foreclosed by U.S.S.G. § 4A1.2(k)(1), which directed the sentencing court to calculate this "maximum sentence imposed" by adding to the original term any term of imprisonment which was later imposed upon revocation of probation. "[L]ike the Eleventh Circuit, we conclude that § 4A1.2(k)(1) contemplates that, in calculating a defendant's total sentence of imprisonment for a particular offense, the district court will aggregate any term of imprisonment imposed because of a probation violation with the defendant's original sentence of imprisonment." *USA v. Galvan*, 453 F.3d 738, 740 (6th Cir. 2006) (citing *US v. Glover*, 154 F.3d 1291, 1294 (6th Cir. 11th Cir. 1998)). *See, e.g., US v. Anderson*, 333 F.App'x 17, 25 (6th Cir. 2009) (citing *US v. Shannon*, 449 F.3d 1146, 1148 (11th Cir. 2006) (citing U.S.S.G. § 4A1.2(k)(1))); as well as *US v. St. Clair*, 127 F. App'x 777, 778-79 (6th Cir. 2005) (p.c.) (C.J. Boggs, Cook, 8th Cir. J. Bright); and *US v. Wheeler*, 330 F.3d 407, 411-13 (6th Cir. 2003).

**Third, Latham contends that his prior conviction for attempted unlawful use of an automobile should have received only one criminal history point, rather than two. The court**

**need not address the merit of this contention.** Even assuming *arguendo* that Latham is right, the drop from 14 to 13 criminal history points would leave him in the same Criminal History Category, VI. With offense level 22 in Category VI, the Guidelines would still recommend 84-105 months – the same recommended range which this court in fact used. Therefore, any error in the assignment of an extra criminal-history "point" for the automobile conviction is harmless because it did not affect this court's starting point, the Guideline-recommended range. (Any such error had no potential to influence the court's analysis after that point, e.g., its consideration of Guideline policy statements and Title 18 U.S.C. § 3553 factors.)

**Finally, the court rejects Latham's assertion that his federal trial counsel was constitutionally ineffective for failing to assert the aforementioned sentencing arguments on direct appeal. As a matter of law, one cannot render constitutionally ineffective assistance of counsel by "failing"or refusing to raise arguments which lack merit, whether at trial or on appeal.** "'An attorney's failure to make an [argument or] objection will not alter the outcome of a proceeding if the objection is meritless, and hence would not be sustained.'" *Wilkey v. Jones*, 2009 WL 3153101, *16 (W.D. Mich. Sept. 28, 2009) (Maloney, C.J.) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 380 n.6 (1993) (Stevens, J., dissenting o.g., joined by Blackmun, J.)) ("Trial counsel's 'failure' to make a meritless objection on the [prosecutorial] vouching issue * * * did not satisfy *Strickland*'s second prong, the prejudice prong."); *see also Miller v. US*, 2008 WL 4820776, *5 (E.D. Mich. Nov. 5, 2008) (Lawson, J.) ("[C]ounsel cannot be deemed ineffective for failure to raise a meritless objection.") (citing *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998)). *See, e.g., Kincade v. Wolfenbarger*, 324 F. App'x 482, 495 (6th Cir. 2009) (C.J. Boggs, Gilman, Rogers) ("'By definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit.'")

(brackets omitted) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)), *pet. cert. filed o.g.* (Sept. 17, 2009) (No. 09-7646); *Burton v. Renico*, 391 F.3d 764, 780 (6th Cir. 2004) ("[A] constitutional claim based on the absence of an instruction regarding mitigation or justification in this case lacks merit, so it cannot be said that failure to raise such an objection on appeal constituted ineffective assistance . . . .").[4]

Moreover, because Latham's counsel was not constitutionally ineffective, such ineffectiveness cannot constitute "cause" for Latham's failure to pursue these sentencing claims on direct appeal. *See Benning v. Warden, Lebanon Corr. Inst.*, 2009 WL 2868822, *5, - F. App'x –, – (6th Cir. Sept. 8, 2009) (Keith, Clay, Gibbons) ("Moreover, because appellate counsel was not ineffective, ineffectiveness cannot constitute cause for Benning's procedural default of his . . . claim.") (citing *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005)).

---

[4]

*See also Ashe v. Jones*, 2000 WL 263342, *4 (6th Cir. Feb. 29, 2000) ("Kujenga's trial counsel was not required to make a meritless objection to its admission.");

*Williams v. Berghuis*, 2009 WL 1882839, *19 (W.D. Mich. June 26, 2009) (Quist, J.) ("I also previously found that Petitioner's due process rights were not violated by the prosecutor's use of allegedly perjured evidence. Counsel's failure to make a meritless objection in these respects does not constitute ineffective assistance of counsel.") (citing *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004) (p.c.) (Cole, Gilman, D.J. Schwarzer));

*Edmiston v. US*, – F. Supp.2d –, 2009 WL 3839471, *6 (E.D. Tenn. Nov. 13, 2009) (Edgar, J.) ("Since counsel cannot be deemed deficient for failing to raise meritless claims, Edmiston will be denied any relief on his ineffective assistance of counsel claim.").

**ORDER**

Latham's 28 U.S.C. § 2255 motion to correct sentence [doc. # 37] is **DENIED**.

A certificate of appealability is **DENIED**, because Latham "cannot make a substantial showing of the denial of a federal constitutional right." *Counterman v. US*, – F. Supp.2d –, 2009 WL 3585942, *7 (W.D. Mich. Oct. 27, 2009) (Robert Holmes Bell, J.) (citing 28 U.S.C. § 2253(c) and *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).

IT **IS SO ORDERED** this      8th      day of January 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge